[765 NYS2d 282]

In the Matter of SAMUEL J. BONAFEDE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2003

**APPEARANCES OF COUNSEL**

*Kathleen M. Boyd, Associate Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Richard T. Sullivan,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1973, and maintains an office for the practice

of law in Marion. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his conduct in an uncontested matrimonial matter. Respondent filed an answer admitting the allegations of the petition, and he appeared before this Court to submit matters in mitigation.

Respondent admits that he failed to execute a written retainer agreement and failed to provide his client with a statement of client's rights and responsibilities. Additionally, he admits that he presented to one of the parties a fictitious judgment of divorce purporting to contain a typed conformed signature of a Supreme Court Justice.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (22 NYCRR 1200.11 [c] [2])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without executing a written retainer agreement; and

DR 2-106 (f) (22 NYCRR 1200.11 [f])—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement.

We have considered the matters submitted by respondent in mitigation, including his previously unblemished record and the fact that no client was harmed as a result of the misconduct. Additionally, we note respondent's expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

PINE, J.P., HURLBUTT, KEHOE and BURNS, JJ., concur.

Order of censure entered.